RECEIVED
USDC, WESTERN DISTRICT OF LA.
TONY R. MOORE, CLERK
DATE 5/3/10
BY _____

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| KERRY V. BROWN, SR. | CIVIL ACTION NO. 09-955 |
| VERSUS | JUDGE ROBERT G. JAMES |
| CITY OF LAKE PROVIDENCE | MAG. JUDGE KAREN L. HAYES |

RULING

Pending before the Court is a Motion in Limine [Doc. No. 14] filed by Plaintiff Kerry V. Brown, Sr. ("Brown"). For the following reasons, the motion is DENIED.

I. FACTUAL AND PROCEDURAL BACKGROUND

This case arises out of an incident between Brown and police officers employed by the City of Lake Providence ("City"). Brown alleges that, on March 22, 2009, police officers shot a "tear gas bomb" that landed between his legs and caused first and second degree burns to his left leg. [Doc. No. 1, ¶¶ 5-7].

On June 11, 2009, Brown filed suit in this Court against the City, alleging claims pursuant to 42 U.S.C. § 1983 and state law. *Id.* ¶ 3. On September 25, 2009, Brown amended his complaint and alleged that the City harassed and retaliated against him for filing suit by "removing [him] from his job and demoting him from being the driver of a garbage truck to a less desirable position as a street cleaner, suspending [him] for two (2) weeks and further demoting [him] to a part-time status." [Doc. No. 8, ¶ 1]. In his Amended Complaint, Brown also alleged that prior to filing suit he "experienced no work related issues . . . ." *Id.*

On March 30, 2010, Brown filed a Motion in Limine. [Doc. No. 14]. On April 15, 2010, the City filed a Response. [Doc. No. 16].

## II.  LAW AND ANALYSIS

Brown moves this Court to exclude evidence of his work history with the City. First, Brown asserts that such evidence is not relevant to a determination of the manner in which police officers used tear gas. Second, Brown asserts that, even if evidence of his work history with the City is relevant, its probative value is outweighed by the danger of unfair prejudice.

Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FED. R. EVID. 401. Evidence that does not satisfy FED. R. EVID. 401 is inadmissible. FED. R. EVID. 402. "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice . . . ." FED. R. EVID. 403.

Brown alleges in his Amended Complaint that after filing this suit the City harassed and retaliated against him by demoting and suspending him from his job. Brown fails to address why evidence of his work history with the City is not relevant to a determination of whether the City harassed or retaliated against him. Therefore, the Court finds that Brown's work history with the City is relevant. Further, evidence of Brown's work history with the City is highly probative of whether the City harassed or retaliated against him, and Brown has failed to address how such evidence would unfairly prejudice him. Therefore, the Court finds that evidence of Brown's work history with the City is not excluded under FED. R. EVID. 403.

III. **CONCLUSION**

For the foregoing reasons, Brown's Motion in Limine is DENIED.

MONROE, LOUISIANA, this  3  day of May, 2010.

                                              ROBERT G. JAMES
                                              UNITED STATES DISTRICT JUDGE